UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Terry Tyrone Pullen, Jr.,

    Plaintiff,                                    Case No. 1:17cv255

    v.                                          Judge Michael R. Barrett

Combs, *et al.*,

    Defendants.

## ORDER

This matter is before the Court upon Plaintiff Terry Tyrone Pullen Jr.'s Motion for Extension of Time. (Doc. 9). Plaintiff seeks to file objections to the Magistrate Judge's August 21, 2017 Report and Recommendation ("R&R").

The deadline for filing objections to the August 21, 2017 R&R was September 5, 2017. No objections were filed by that date. On September 7, 2017, this Court adopted the Magistrate Judge's August 21, 2017 R&R. (Doc. 8). Plaintiff's Motion for Extension of Time was filed the same day.

The Court notes that Plaintiff signed the Motion for Extension of Time on September 1, 2017, which was before the deadline for the filing of objections. "[A] pro se prisoner's complaint is deemed filed when it is handed over to prison officials for mailing to the court." *Brand v. Motley*, 526 F.3d 921, 925 (6th Cir. 2008). Absent contrary evidence, the "handing-over" occurs on the date the motion was signed. *Id*. Therefore, the Court rescinds its Order adopting the Magistrate Judge's August 21, 2017 R&R. Plaintiff Terry Tyrone Pullen Jr.'s Motion for Extension of Time (Doc. 9) is **GRANTED** and the Court will now consider Plaintiff's Objections as being timely filed.

(Docs. 10, 13).[1]

In her August 21, 2017 R&R, the Magistrate Judge recommends that Plaintiff's complaint be dismissed with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1), with the exception of the following claims: (1) Eighth Amendment claim for the use of excessive force against Defendant Combs, based on Plaintiff's allegations that Combs sprayed him in the eye with pepper spray on October 9, 2015; (2) excessive force claims against Defendants Ms. Felts, Sgt. Felts, and Sgt. Bear, based on his allegations that these defendants attacked him on November 10, 2015; (3) excessive force claim against Defendants Sgt. Felts and C/O Shaw based on his allegation that these defendants sprayed him with a fogger can of mace on October 30, 2015; (4) claim that Defendants Sgt. Felts, Oppie, Bailey, Shaw, and Haywood violated Plaintiff's Eighth Amendment rights by failing to allow him to detox after being sprayed with mace; (5) failure to protect claim, based on his allegation that Shaw and C/O Clere failed to protect him from inmate Peyton during the October 11, 2015 incident; and (6) claim that defendants Hill, Hart, and Jane Doe nurse allegedly denied him medical care. The Magistrate Judge explained that Plaintiff's other claims failed to state a claim upon which relief may be granted.

In his Objections, Plaintiff argues that his claims against Defendants Davis, Nolan, Warden Erdos and Mahlman should not be dismissed because Plaintiff has stated a claim against these defendants. Plaintiff explains that these defendants were deliberately indifferent to his health in safety in that they failed "to take corrective action once having knowledge or put on notice of Plaintiff['s] need of protection from attacks by

---

[1] The objections filed on September 21, 2017 (Doc. 10) and September 22, 2017 (Doc. 13) are identical.

prisoner's [sic] and retaliation by officers. As the Magistrate Judge noted, Warden Erdos is not named as a defendant in this action. (Doc. 7, PAGEID # 242). Moreover, as the Sixth Circuit has explained:

> "[S]imple negligence is insufficient to support liability of [supervisory officials] for inadequate training, supervision, and control of individual officers." *Hays [v. Jefferson County*, 668 F.2d 869, 872 (6th Cir. 1982)]. A supervisory official may not be held liable under § 1983 for the misconduct of those the official supervises unless the plaintiff demonstrates that "the supervisor encouraged the specific incident of misconduct or in some other way directly participated in it." *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984). "At a minimum a plaintiff must show that the official at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct of the offending officers." *Hays*, 668 F.2d at 874. Supervisory liability under § 1983 cannot be based upon a mere failure to act but must be based upon active unconstitutional behavior. *Bass*, 167 F.3d at 1048.

*Combs v. Wilkinson*, 315 F.3d 548, 558 (6th Cir. 2002). Plaintiff has only alleged that these defendants were on notice of the various incidents. There are no allegations that these defendants encouraged the incidents. Therefore, there is no error in the Magistrate Judge's conclusion that Plaintiff has failed to state a claim against Defendants Davis, Nolan, Warden Erdos and Mahlman.

Accordingly, Plaintiff's objections to the Magistrate Judge's August 21, 2017 R&R (Docs 10, 13) are **OVERRULED**. The Court again **ADOPTS** the Magistrate Judge's August 21, 2017 R&R (Doc. 7).

**IT IS SO ORDERED.**

                                          */s/ Michael R. Barrett*
                                        JUDGE MICHAEL R. BARRETT