# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

TERRY TYRONE PULLEN, JR.,
Plaintiff,

vs.

CORRECTIONAL OFFICER
MR. COMBS, *et al.*,
Defendants.

Case No. 1:17-cv-255

Barrett, J.
Litkovitz, M.J.

**ORDER**

Plaintiff, an inmate at the Southern Ohio Correctional Facility (SOCF), filed a civil rights complaint under 42 U.S.C. § 1983 on April 19, 2017. (Doc. 1). He named 23 SOCF employees as defendants. Plaintiff was granted leave to proceed *in forma pauperis*. (Doc. 5). On initial screening under 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b), the Court granted plaintiff leave to proceed on claims under the Eighth Amendment for the use of excessive force against defendants Mr. Combs, Ms. Felts, Sgt. Felts, Sgt. Bear, and C/O Shaw based on allegations these defendants sprayed plaintiff with mace and pepper spray and attacked him in October and November 2015; an Eighth Amendment claim against defendants Sgt. Felts, Unit Manager Oppie, Mr. Bailey, Shaw, and Lt. Haywood based on allegations they failed to allow plaintiff to "detox" after being sprayed with mace; a failure to protect claim against defendants Shaw and C/O Clere based on allegations they failed to protect plaintiff from inmate Peyton during an October 2015 incident; and a claim that defendants Teresa Hill, R.N., Lauren Hart, R.N., and a Jane Doe nurse allegedly denied plaintiff medical care. (Doc. 7).

On July 29, 2019, plaintiff filed a "Notice" with the Court requesting permission to file an "emergency civil lawsuit" against SOCF employees Warden Erdos, Deputy Warden Cool, E-Unit Manager Sparks, "A-Unit Oppy," Institutional Inspector Mahlman, Sgt. Barney, Sgt. Thortmore, Capt. Dyer, Capt. Frazie, Capt. Bell, Capt. Humphreys, Lt. Broughton, Capt. Daniels, property room supervisor Sgt. Felts, Officer John Doe 1, and Officer John Doe 2. (Doc. 81). Plaintiff alleges that

these individuals are attempting to sabotage this litigation and another lawsuit pending in the Court of Claims. Plaintiff claims that these SOCF employees have refused to answer his "kites" concerning the whereabouts of his property; they have not given him a Notification of Grievance concerning his property; and they are destroying or withholding his property with knowledge of his pending lawsuits in this Court and the Court of Claims in an attempt to sabotage his litigation. Plaintiff contends that an emergency lawsuit is necessary because spoliation of evidence in future litigation may result from incidents that occurred at SOCF on various dates in 2017, 2018, and 2019. Plaintiff alleges that these SOCF employees know that by withholding or destroying his property, which includes evidence in his lawsuits, plaintiff will be unable to "perfect[]" his response to defendants' motion for summary judgment in this case[1]; he will not be able to perfect his objections to the magistrate judge's decision in the Court of Claims; and he will not be able to present all evidence in an upcoming trial in *Pullen v. Howard, et al.*, No. 2:14-cv-104, which is pending in this Court.

Plaintiff's allegations in his Notice relate to the claimed withholding and destruction of his property in 2017, 2018, and 2019. Those allegations are not related to the claims he brings in this lawsuit, which arise out of the alleged use of excessive force, failure to protect, and denial of medical care by other SOCF personnel in October and November of 2015.[2] Plaintiff's remedy is not to obtain permission from the Court in this case to file a new, unrelated lawsuit on an emergency basis. As plaintiff acknowledges by stating he will need a complete § 1983 civil lawsuit packet, United States Marshal service forms, and summons and indigent forms (Doc. 81 at 5-6), his remedy is to file a new

---

[1] Plaintiff filed a 26-page response to defendants' motion with 59 pages of exhibits on August 16, 2019. (Doc. 82).

[2] The only defendants in this case who were also allegedly involved in withholding and destroying plaintiff's property are Sgt. Felts and Unit Manager Oppie.

2

lawsuit and a motion for leave to proceed *in forma pauperis* if he lacks the funds needed to pay the filing fee. Plaintiff need not seek permission from the Court in this case to file a separate lawsuit based on new and unrelated allegations and claims.

Accordingly, plaintiff's motion for leave to file an emergency civil lawsuit (Doc. 81) is **DENIED**.

**IT IS SO ORDERED**

Date: 12/10/19

Karen L. Litkovitz
United States Magistrate Judge