# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

Terry Tyrone Pullen, Jr.,

    Plaintiff,

v.

Combs, *et al.*,

    Defendants.

Case No. 1:17cv255

Judge Michael R. Barrett

## **ORDER**

This matter is before the Court upon the Magistrate Judge's January 27, 2020 Order and Report and Recommendation ("R&R") (Doc. 84). The R&R recommends granting Defendants' Motion for Summary Judgment (Doc. 75).

The parties were given proper notice under Fed. R. Civ. P. 72(b), including notice that the parties would waive further appeal if they failed to file objections to the R&R in a timely manner. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981). Plaintiff filed Objections. (Doc. 88).

When objections to a magistrate judge's report and recommendation are received on a dispositive matter, the assigned district judge "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). After review, the district judge "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.*; *see also* 28 U.S.C. § 636(b)(1).

Plaintiff brings four Eighth Amendment claims based on events which occurred on October 11, 2015, October 30, 2015 and November 10, 2015. The Magistrate Judge

provided a thorough discussion of the facts and procedural background. (Doc. 84, PGEID# 956- 960). The same will not be repeated here except to the extent necessary to address Plaintiff's objections.

The Magistrate Judge concluded that Plaintiff's claim based on the October 11, 2015 events was barred by the *Learman* doctrine. The Magistrate Judge concluded Plaintiff's claims based on the October 30, 2015 and November 10, 2015 events should dismissed for failure to exhaust his administrative remedies. Plaintiff only objects to the Magistrate Judge's conclusion regarding the failure to exhaust administrative remedies.

Plaintiff explains that he attempted to exhaust his administrative remedies but he was on a grievance restriction for a period of ninety days beginning on November 3, 2015. As the Magistrate Judge pointed out, Plaintiff was notified that he was being placed on a grievance restriction on October 28, 2015, and his restriction did not begin until November 3, 2015. Under this timeline, the Magistrate Judge noted that Plaintiff would have had the ability to file a grievance regarding the October 30, 2015 incident before the grievance restriction began. With regards to the November 10, 2015 events, the Magistrate Judge explained that Plaintiff was still able to file grievances under a special procedure. (Doc. 84, PAGEID# 971).

Once Defendants put forth evidence of their affirmative defense of failure to exhaust administrative remedies, Plaintiff was required to present "significant probative evidence" to defeat the motion for summary judgment on this ground. *See Napier v. Laurel Cty., Ky.*, 636 F.3d 218, 225 (6th Cir. 2011) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)). Plaintiff explains that he sent kites requesting Notification of Grievance forms, but his requests were denied.

Plaintiff made the same argument before the Magistrate Judge. The Magistrate Judge noted that it appeared that Plaintiff was able to file seven grievances during this period of time using the special grievance procedure; and Plaintiff attached a Notification of Grievance form dated November 10, 2015 to his Memorandum in Opposition to Defendants' Motion for Summary Judgment. (Doc. 84, PAGEID# 971; PAGEID# 974). The Court finds no error in the Magistrate Judge's conclusion that Plaintiff has failed to carry his burden establishing a genuine issue of material fact showing that he was prevented from accessing the grievance procedure.

Based on the forgoing, the Court **OVERRULES** Plaintiff's objections and the Magistrate Judge's January 27, 2020 R&R is **ADOPTED** in its entirety. Accordingly, Defendants' Motion for Summary Judgment (Doc. 75) is **GRANTED**. This Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that for the forgoing reasons an appeal of this Order would not be taken in good faith. *See McGore v Wrigglesworth*, 114 F3d 601 (6th Cir. 1997). This matter is **CLOSED** and **TERMINATED** from the active docket of this Court.

**IT IS SO ORDERED.**

                                                   */s/ Michael R. Barrett*
                                            JUDGE MICHAEL R. BARRETT